IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MAXINE RENEE WADE                                                                                    PLAINTIFF

vs.                                         Civil No. 1:17-cv-01022

GENERAL MOTORS COMPANY                                                           DEFENDANT

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim.  ECF Nos. 6, 8.  Also before the Court is Plaintiff's Motion for Leave to Amend Complaint.  ECF No. 16.  These Motions were referred to the undersigned for consideration.  The Parties have filed responses to these Motions, and the Court finds they are ripe for consideration.  ECF Nos. 13, 17.

1. **Background:**

Plaintiff's Complaint was filed in this matter on July 22, 2016 in the Circuit Court of Ashley County, Arkansas.  ECF No. 1-1.  Plaintiff had difficulty with service and moved for three extensions to serve Defendant.  ECF No. 1-2.  All three of these motions were granted.  *Id.*

In one of her motions to extend time, Plaintiff attached a report from the Arkansas Secretary of State reflecting two different agents for service of process for General Motors: one for "General Motors Company" and one for "General Motors, LLC."  ECF No. 1-2 at 13-15.  Plaintiff attempted to serve both agents, but her attempted service was rejected as to General Motors, LLC. ECF No. 14-1.  Ultimately, Plaintiff was able to serve General Motors Company on February 7, 2017 at an address in Detroit, Michigan.  ECF No. 1-1 at 2.

On March 23, 2017, Defendant removed Plaintiff's case to the U.S. District Court for the

1

Western District of Arkansas. ECF No. 1. With this removal, Defendant also filed a Motion to Dismiss for Lack of Personal Jurisdiction and a Motion to Dismiss for Failure to State a Claim. ECF Nos. 6, 8. With these Motions, Defendant claims the case against it should be dismissed because Plaintiff has sued the wrong entity. *Id.* Specifically, Defendant claims that with this lawsuit, Plaintiff incorrectly sued "General Motors Company" when she should have sued "General Motors, LLC." *Id.*

Plaintiff responded to this Motion and filed a Motion to Amend or Correct her Complaint and substitute "General Motors, LLC" for "General Motors Company." ECF Nos. 16-17. After receiving notice from Defendant regarding which party was the proper party, Plaintiff does not dispute that the proper party is General Motors, LLC. *Id.* Indeed, General Motors Company is a holding company for General Motors, LLC. ECF No. 7-1. To correct her mistake in her Complaint, Plaintiff seeks to substitute parties. *Id.*

Defendant has responded to Plaintiff's Motion and requests it be denied. ECF No. 17. Specifically, Defendant claims the statute of limitations against General Motors, LLC has run, and Plaintiff should not be permitted to substitute "General Motors, LLC" for "General Motors Company" under Rule 15(c) of the Federal Rules of Civil Procedure. *Id.* The Court has reviewed the briefing in this matter and finds the current Motions are ripe for determination.

2. **Applicable Law:**

Under Rule 15 of the Federal Rules of Civil Procedure, a party is permitted to amend pleadings before trial. Rule 15(a)(2) provides that a party may only amend with the "opposing party's written consent or the court's leave." This provision also states that the "court should freely give leave when justice so requires." *Id.*

A related provision, Rule 15(c) of the Federal Rules of Civil Procedure, outlines when "relation back" is permissible such that a party may be substituted for another party and avoid dismissal due to

the statute of limitations. FED. R. CIV. P. 15(c). However, for this provision to apply, specific requirements must be met (with the relevant provision italicized):

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) *the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and, if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:*
>
> > *(i) received such notice of the action that it will not be prejudiced in defending on the merits; and*
> >
> > *(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

*Id.* (emphasis added).

**3.   Discussion:**

In the present action and under the facts presented, the Court finds Plaintiff should be granted leave to substitute "General Motors, LLC" for named Defendant "General Motors Company," and the substitution should relate back to the date she filed her Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Indeed, as recognized above, this Court " should freely give leave when justice so requires" under Rule 15(a). The Court is persuaded justice requires leave be given in this case. Notably, this lawsuit is still in its very early stages; and upon review of the Joint Rule 26(f) Report, it appears there has been very little discovery completed in this case.[1] The Court also notes this case will be dismissed

---

[1] Interestingly, the Parties' Rule 26(f) Report was made "subject to" Defendant's two motions to dismiss, but it still provides a proposed deadline of September 15, 2017 for "joining other parties and amending the pleadings." ECF No. 20 at 3. If that deadline is reasonable, it is

in its entirety if substitution is not allowed.

Furthermore, Plaintiff has demonstrated the requirements of Rule 15(c) have been met. Within the time for serving General Motors, LLC, Plaintiff did attempt to serve General Motors, LLC, but that service was denied because "General Motors, LLC" was not a named party. ECF No. 14-1. Based upon this attempt and Plaintiff's actual service on General Motors Company (the holding company for General Motors, LLC), the Court finds General Motors, LLC both "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Thus, the Court finds Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16) should be **GRANTED**, and Plaintiff should be allowed to substitute General Motors Company for General Motors, LLC. Furthermore, because General Motors, LLC has substituted for General Motors Company, Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 6) and Motion to Dismiss for Failure to State a Claim (ECF No. 8) should be **DENIED AS MOOT.**

## 4.     Conclusion:

Based upon the foregoing, the Court recommends Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16) should be **GRANTED** and her claims against General Motors, LLC should relate back to the date of the original filing of the complaint pursuant to FED. R. CIV. P. 15(c). Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 6) and Motion to Dismiss for Failure to State a Claim (ECF No. 8) should be **DENIED AS MOOT.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

unclear why Plaintiff's requested substitution dated April 24, 2017 is unreasonable.

4

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 25th day of September 2017.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE
