IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MAXINE RENEE WADE                                                           PLAINTIFF

v.                             Case No. 1:17-cv-1022

GENERAL MOTORS COMPANY                                      DEFENDANT

## **ORDER**

Before the Court is the Report and Recommendation filed September 25, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 25. Defendant has responded with objections. ECF No. 26. The Court finds the matter ripe for consideration.

Plaintiff's complaint was filed in this matter on July 22, 2016, in the Circuit Court of Ashley County, Arkansas. ECF No. 4. Plaintiff was granted an extension to serve Defendant General Motors Company until April 18, 2017. In one of her motions for extension of time to serve Defendant, Plaintiff attached a report from the Arkansas Secretary of State reflecting an agent for service of process for General Motors Company and an agent for service of process for General Motors LLC. Plaintiff attempted to serve General Motors LLC's agent; however, the service was rejected because the complaint was directed to General Motors Company. ECF No. 14-1. Ultimately, Plaintiff served General Motors Company on February 7, 2017.

On March 23, 2017, Defendant General Motors Company removed Plaintiff's case to this Court and filed a Motion to Dismiss for Lack of Personal Jurisdiction and a Motion to Dismiss for Failure to State a Claim. ECF Nos. 6, 8. In these motions, Defendant argues that the case against it should be dismissed because Plaintiff has sued the wrong corporate entity. Specifically, Defendant claims that Plaintiff incorrectly sued General Motors Company when she should have

sued General Motors, LLC. On March 23, 2017, attached to one of its motions to dismiss, Defendant filed an affidavit by Jill Sutton, Corporate Secretary of General Motors Company, detailing the corporate structure of General Motors Company and General Motors LLC. ECF No. 7-1. General Motors Company is a holding company for General Motors Holdings LLC, which is a holding company for General Motors LLC.

Plaintiff responded to the motions to dismiss (ECF No. 13) and on April 24, 2017, filed a Motion to Amend Complaint (ECF No. 16) to substitute General Motors LLC for General Motors Company. Defendant argues that the Motion to Amend Complaint should be denied because the statute of limitations against General Motors LLC has run, and the amended complaint would not relate back to the date of filing of the original complaint. The magistrate judge recommends that the Court grant Plaintiff's Motion to Amend Complaint and deny Defendant's motions to dismiss as moot.

Defendant objects to the magistrate judge's finding that Plaintiff's amended complaint relates back to the date of the original complaint. Under the Federal Rules of Civil Procedure, an amended complaint relates back to the date of the original complaint when: (1) the amendment asserts a claim that arose out of the conduct set out in the original pleading; (2) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the party to be brought in knew or should have known that it would have been a party originally if not for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(B)-(C).

Defendant argues that the record in this case shows that Plaintiff knew of the proper party's identity and thus Plaintiff made a deliberate choice instead of a mistake in not naming General

Motors LLC as a party in the original complaint. However, "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [a plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010)." Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the period provided for service, not what the plaintiff knew or should have known at the time of filing the original complaint. *Id*. The Court notes that "when a plaintiff alleges a comprehensible claim against one of a group of closely related and functioning business entities or corporations, the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15(c) . . . of the entity properly answerable to the claim." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 475 (2007); *see also Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1012 (8th Cir. 1991) (recognizing but not applying the identity-of-interest doctrine, which allows for the timely notice of a lawsuit to a parent corporation to be imputed to a subsidiary).

In the present case Defendant General Motors Company argues that the record does not support the assertion that General Motors LLC knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. However, this is an argument for General Motors LLC to make and not General Motors Company. Once the proposed amended complaint is filed, General Motors Company will no longer be a party to this lawsuit. Once General Motors LLC has been brought into this lawsuit, should it decide to pursue a relation-back argument, the Court will be in a better position to assess whether General Motors LLC knew or should have known that it would have been named a defendant but for an error.

Accordingly, based on its own de novo review, for the reasons set out in this Order, the Court overrules Defendant's objections and adopts the Report and Recommendation in part.[1] ECF No. 25. Accordingly, the Court finds that Plaintiff's Motion to Amend Complaint should be and hereby is **GRANTED**. Because Plaintiff is changing or renaming a defendant, she must file the amended complaint conventionally, on paper, with the clerk's office. Further, pursuant to Rule 5.5(e) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas, Plaintiff shall file the amended complaint within seven (7) days of the entry of the order granting leave to amend.

**IT IS SO ORDERED**, this 8th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The Court adopts the magistrate judge's recommendation that the Motion to Amend Complaint should be granted but does so for different reasons than those set out by the magistrate judge in the Report and Recommendation. ECF No. 25. At this time, the Court makes no findings as to whether the amended complaint will relate back to the date of the original complaint in this matter. The Court declines to adopt the recommendation that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) and Motion to Dismiss for Failure to State a Claim (ECF No. 8) be denied as moot. The Court will determine whether these motions are moot once the amended complaint has been filed.